IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

C.A. NO. 18-1390-RGA

DISPLAY TECHNOLOGIES, LLC )
             )  JURY TRIAL DEMANDED
V.             )
             )
COMO AUDIO, LLC     )

### DEFENDANT COMO AUDIO, LLC'S
### ANSWER AND DEFENSES TO DISPLAY TECHNOLOGIES, LLC'S FIRST AMENDED COMPLAINT

Defendant Como Audio, LLC ("Defendant" or "Como") by and through its undersigned counsel, hereby answers Display Technologies, LLC's ("Plaintiff" or "DT") First Amended Complaint. Except as expressly admitted herein, Como denies all allegations of the complaint.

### PARTIES

1. Como lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 1 of the Complaint and on that basis, therefore denies them.

2. The Defendant admits the allegations contained in Paragraph 2.

### JURISDICTION AND VENUE

3. The Defendant admits the Complaint purports to bring an action for infringement arising under 35 U.S.C. § 271 (a), 28, and 284-85. Como admits that this Court has subject matter jurisdiction over this action.

4. Como admits the allegations contained in Paragraph 4.

5. The Defendant admits that it is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Arm Statue, but denies that it does substantial business in this forum, and further denies that it has

infringed U.S. Patent No. 9,300, 723 (the "'723 Patent") in this district, or any other district of the United States.

6. Como lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 6 of the Complaint and on that basis, therefore denies them. Como admits that Exhibit A purports to be a copy of the '723 Patent.

7. Como lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 7 of the Complaint and on that basis, therefore denies them.

8. Como lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 8 of the Complaint and on that basis, therefore denies them.

9. Como admits that it has sold directly or through intermediaries, makes, uses, imports, sells and/or offers for sale products and/or systems (i.e., Como Solo and Como Duetto). Como denies that any of these products infringe any valid claim of the '723 Patent.

10. Denied.
11. Denied.
12. Denied.
13. Denied.
14. Denied.
15. Denied.
16. Denied.
17. Denied.
18. Denied.

## PRAYER FOR RELIEF

Como denies all allegations in the Plaintiff's prayer for relief and denies that the Plaintiff is entitled to any relief.

## DEMAND FOR JURY TRIAL

No response is required to Display Technologies demand for a trial by jury, but Como Audio, LLC hereby demands a trial by jury on all issues so triable, including but without limitation Como's defenses.

## COMO'S AFFIRMATIVE DEFENSES

Como incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and other defenses. By asserting these defenses Como does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Como reserves all other defenses pursuant to Rule 8 (c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery, and further factual investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

Display Technologies Complaint was filed in the improper venue and should thus be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Como does not and has no infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of '723 Patent.

### THIRD AFFIRMATIVE DEFENSE

Each of the asserted claims of the '723 Patent is invalid for failing to comply with one or more requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE

Each of the asserted claims of the '723 Patent fail to comply with 35 U.S.C. § 101 because each asserted claim is directed towards patent-ineligible subject matter such as abstract ideas without any inventive concept to transform the abstract ideas into patent eligible subject matter.

### FIFTH AFFIRMATIVE DEFENSE

By reason of the prior art and/or statements and representatives made to and by the U.S. Patent and Trademark Office during prosecution of the applications that led to

the issuance of the '723 Patent and any related applications, the '723 Patent is so limited that none of the claims of the '723 Patent could be properly construed to cover any activity of Como.

### SIXTH AFFIRMATIVE DEFENSE

Display Technologies claim for damages is limited by 35 U.S.C. 286 and/or 287.

### SEVENTH AFFIRMATIVE DEFENSE

Display Technologies claims are barred, in whole or in part, by the equitable doctrines of estoppel and/or patent exhaustion.

### EIGHTH AFFIRMATIVE DEFENSE

Display Technologies claims are unenforceable due to improper revival of an abandoned application that led to the issuance of the '723 Patent.

### RESERVATION OF RIGHTS

Como reserves the right to amend should it learn of additional information or defenses.

### DEMAND FOR JURY

Como hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
Como Audio, LLC

By its Attorney,

*/s/ James Michael Merberg, Esq.*
James Michael Merberg, Esquire
One McKinley Square, 3rd Floor
Boston, MA 02109
Tel. (617) 723-1990

## CERTIFICATE OF SERVICE

I, James Michael Merberg, certify I have this 21st day of November 2018 served a copy of Defendant Como Audio's LLC Answer and Defenses to Display Technology, LLC's First Amended Complaint by Federal Express to Katarzyna Brozynski, Spencer Fane, LLP, 5800 Granite Parkway, Suite 800, Plano, TX 7502 and Stephen B Brauerman, 600 North King Street, Suite 400, Wilmington, DE 19801.

_____
James Michael Merberg